121 So.2d 154 (1960)
Raymond L. BOWEN, Petitioner,
v.
H.G. COCHRAN, Jr., Respondent.
Supreme Court of Florida.
June 8, 1960.
*155 Raymond L. Bowen, in pro. per., for petitioner.
Richard W. Ervin, Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for respondent.
HOBSON, Justice.
On April 13, 1960, while in prison, Raymond L. Bowen petitioned this court for a writ of habeas corpus on the principal ground that at the time of his trial and sentence he was a minor of seventeen years and that his parents were not notified of the charge against him prior to his trial, as required by Section 932.38, Florida Statutes, F.S.A. It is petitioner's contention that the State's failure to comply with the commands of F.S. § 932.38, F.S.A., renders his sentence and subsequent incarceration illegal.[1]
We issued the writ and in due course received respondent's return to the same. Our examination of the record before us discloses that, although the petitioner's parents were not notified either by service of summons or by registered mail, they did, in fact, receive actual notice of their son's predicament prior to his trial. It appears that the petitioner's mother and father visited him at the Pinellas County jail in Clearwater some two weeks prior to the date of his conviction and sentencing.
This court, in the case of Snell v. Mayo, Fla. 1956, 84 So.2d 581, 582, which involved a similar factual situation, decided the precise point raised herein adversely to the petitioner's position. We quote from that case:
"An examination of the cited statute will reveal that the only mandatory requirement is that due notice be given. The method of giving the notice suggested by the law is merely directory. No particular method is mandatorily prescribed. We have held that actual knowledge by the parents of the existence of the charge prior to trial is acceptable as the due notice required by the statute. See Pitts v. State, 88 Fla. 438, 102 So. 554."
For the reasons above stated we conclude that the writ heretofore issued should be, and hereby is, discharged and the petitioner remanded to the custody of the respondent.
It is so ordered.
THOMAS, C.J., and TERRELL, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] See Kinard v. Cochran, Fla. 1959, 113 So.2d 843.