PER CURIAM.
Petitioner filed a petition for a writ of habeas corpus in this court charging that his detention by the respondent was illegal for the reason that the sentences which he is serving were imposed while he was an unmarried minor, and his parents were not given notification of the proceedings against him as required by Section 932.38 F.S.A. On the basis of petitioner’s allegations the writ was issued and a return has since been filed. It appears from the return that petitioner is not entitled to the relief which he seeks for the reason that actual notice of the charges against him was received by petitioner’s mother prior to his trial. Moreover, it appears that petitioner’s mother, who is his only surviving parent, visited him in jail prior to the date of his conviction and sentencing. Thus, under the rule applied in Bowen v. Cochran, Fla., 121 So.2d 154, and cases cited therein, petitioner is not entitled to relief.
In addition to the aforementioned bar to relief, it also appears that petitioner is now serving concurrently other sentences, the validity of which he does not attack. This fact in itself would be sufficient to remand petitioner to custody. Hollingshead v. Mayo, Fla., 79 So.2d 774, and cases cited therein.
For the reasons above stated, we conclude that the writ heretofore issued should be *147 and hereby is discharged and the petitioner remanded to the custody of the respondent.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS and DREW, JJ., concur.