HOBSON, Justice.
The petitioner filed a petition for habeas corpus in this court containing allegations which, if true, would be sufficient to justify his release from imprisonment under the provisions of F.S. Section 932.38, F.S.A. requiring notification to a parent or guardian prior to the trial of an offense against a minor. The following uncontroverted facts appear in both the petition and the return.
On or about October 29, 1955, the petitioner, then an unmarried minor, was arrested in Polk County, Florida on two criminal charges, one for breaking and entering with intent to commit a felony and the other for grand larceny. Shortly after his arrest he wrote a letter to one of his sisters at Norfolk, Virginia informing her of his arrest and of the criminal charges pending against him. The petitioner’s mother, then domiciled at Doraville, Georgia, was visiting in Norfolk at the time the letter was received and was promptly advised of its contents. Upon the return of petitioner’s mother to Georgia a few days later, she called another sister of the petitioner who resided in Tampa, Florida by long distance telephone and asked that she do what she could to help the petitioner. It appears that the sister from Tampa did actually see the accused in jail prior to the imposition of any sentence on him.
On October 31, 1955, the petitioner pleaded guilty to an information charging him with the offenses mentioned above.
On November 8, 1955, the petitioner pleaded guilty in the circuit court of Highlands County, Florida to another information which charged him with breaking and entering with intent to commit a misdemeanor. On November 10, 1955, the Clerk of the Circuit Court of Highlands County wrote a letter to the petitioner’s mother advising her that her son was to be brought before the court in said county on November 28, 1955 bn three charges of breaking and entering with intent to commit misdemeanors.
Additionally, it is contended by the respondent and not controverted by the petitioner that between the time of the petitioner’s pleas of guilty and his sentencing, the Florida Parole Commission caused an investigation to be conducted which included interviews with petitioner’s mother and two of his sisters.
Other than as recited above, it does not appear that petitioner’s mother received any notice of the pending charges. The petitioner’s father passed away prior to the period in question.
The respondent first contends that the actual notice received by the petitioner’s mother in the letter written shortly after his arrest is sufficient to obviate the necessity of compliance with F.S. Section 932.38, F.S.A. on authority of Bowen v. Cochran, Fla., 121 So.2d 154 and Snell v. Mayo, Fla., 84 So.2d 581.
Although we have held that strict compliance with the terms of the statute is not required where actual notice is received by the parent or guardian, we do not believe that principle to be applicable in this case. The letter was written shortly after peti *566 tioner’s arrest on October 29. • Even allowing only one day for delivery of the letter in Norfolk, Virginia, it would appear that the letter could not have arrived, nor could its contents have been imparted to the petitioner’s mother, more than one day before petitioner entered his pleas of guilty on October 31. We have held that the notification that is required by the statute contemplates an opportunity for the minor to see and confer with his parents. State ex rel. Hamilton v. Chapman, 125 Fla. 235, 169 So. 658. Certainly the legislative intent would be defeated by holding that where the parent and child are hundreds of miles apart, actual notice of a trial one day in advance thereof is sufficient. We hold, therefore, that even assuming the letter written by the petitioner reached his mother prior to the petitioner’s pleas of guilty, there was still not sufficient actual notice to render unnecessary a compliance with the terms of the statute.
Respondent next contends that because petitioner’s mother had actual notice of the offenses between the time of peti-tionér’s pleas of guilty but before he was sentenced that the requirements of the statute may be dispensed with. In support of this proposition respondent cites Canizio v. People of State of New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545, wherein it was held that the defendant had not been deprived of counsel even where he was not represented at the time he pleaded guilty when he did obtain a lawyer prior to sentencing, and said lawyer could have moved to set aside the guilty plea. The Canizio case is distinguishable from the case at bar, because in the former case, the issue was deprivation of counsel and not the statutory requirement of notice to parents or relatives. Moreover, the principle is not applicable here because of the clear statutory requirement that due notice of the charge shall be given prior to the trial thereof. F.S. Section 932.38, F.S.A. Therefore, we hold that notice given after a plea of guilty but before sentencing is not sufficient to comply with the statute.
It follows that the petitioner’s detention under the pretended judgments is illegal, and he must be discharged. However, he shall be retained in custody by the respondent to be by him held and safely kept until the further order of the appropriate court on the charges of the informations pursuant to which he was originally incarcerated. Cash v. Culver, Fla., 122 So.2d 179.
It is so ordered.
THOMAS, C. J., and TERRELL, THORNAL and O’CONNELL, JJ., concur.