PER CURIAM.
The court issued a writ of habeas corpus on the representation that the petitioner was a minor at the time he was sentenced, had never been married, and that no notice was given to his parent in accordance with the provisions of Section 932.38, Florida Statutes 1957, F.S.A. The petitioner, respondent concedes, was sentenced to serve a prison term of five years and another six months to life, consecutively, for two separate robberies. Furthermore, the respondent concedes that the petitioner was not 21 years of age at the time.
It is the position of the respondent that the case is ruled by our decision in Bowen v. Cochran, Fla., 121 So.2d 154, and that the petitioner is not entitled to his discharge because his mother had actual notice of his incarceration. The respondent relies on the allegation that
“petitioner’s mother stated to one Clarence P. Nilles, Illinois Parole Office Supervisor, 160 North LaSalle, Chicago, Illinois, that subsequent to his arrest for the above mentioned offenses, petitioner wrote her addressing same to her home in Saginaw, Michigan, while incarcerated in the Dade County Jail awaiting trial, that he was being so held in said jail, and requested that his mother forward him some money with which to enable him to purchase some cigarettes, et cetera.”
It is our view that the above language quoted from the return is not sufficient to show actual knowledge on the part of the parent that the petitioner was held to answer the serious charges of robbery for which he was eventually sent to the State Prison.
It is, therefore, ordered that the petitioner be discharged from further imprisonment under the present judgment and remanded for trial on the charges of the information pursuant to which he was originally incarcerated. Cash v. Culver, Fla., 122 So.2d 179.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.