ROBERTS, Justice.
Upon application of the petitioner in pro. per. writ of habeas corpus was duly issued and a return filed by the respondent. See DiMarco v. Cochran, Fla., 124 So.2d 130. Thereafter, Honorable Grady Crawford, Circuit Judge, to whom we referred this cause for the purpose of conducting an inquiry to determine whether the notice required by Section 932.38, Florida Statutes, F.S.A., was given, has conducted such hearing and has filed herein his report showing that the petitioner was sixteen years of age when he was twice implicated in crimes of armed robbery in Dade County, Florida; that he was apprehended by the authorities and that said minor was on November 2, 1954, in the custody of the Dade County Juvenile Court pending investigation of such charges. It further appears that on November 2, 1954, the Dade County Juvenile Court sent a telegram to petitioner’s mother, Nora Rita Henderson, 96 Green Street, Somersworth, New Hampshire, stating: “Holding Your Son Robert On Two Charges Of Armed Robbery. Please Get In Touch With Us As Soon As Possible.” The return further shows that on the next day the Juvenile Court authorities of Dade County received the following reply: “Due To Sickness Unable To Attend Trial.” The telegram was signed by Mr. and Mrs. Waldo E. Henderson. The return of the Circuit Judge shows that on the day the wire was received by the Dade County authorities the following letter was sent to the mother of petitioner:
“Dear Mrs. Henderson:
“This is a letter to you relative to our phone conversation this morning.
“We are notifying you that the hearing for your son, Roberto, will be held at 1:00 November 4, 1954 in and for the Juvenile and Domestic Relations Court, Dade County, Florida. Please let us know immediately as to your intentions — whether or not you can be present for this hearing. We should like to have you here if at all possible.
“Yours very truly,
“W. Ira Hazlett
“Chief Probation Officer.”
It is shown by the return aforesaid that on November 4, 1954, an order was entered by the Judge of the Juvenile Court transferring jurisdiction of the matter to the Criminal Court of Record of Dade County, and that thereafter petitioner pleaded guilty in open court to two charges of robbery and was sentenced for such offenses.
Notice to the mother in the state of New Plampshire of a sixteen-year old boy by the; chief probation officer that her minor son was held for a hearing the following day in the Juvenile and Domestic Relations Court in Miami, Florida, in our opinion fails to meet the required notice contemplated in Sec. 932.38, Florida Statutes, F.S.A., under the facts here present. We cannot say that parents would have failed to provide counsel or some manner of parental support had they known that at the hearing the boy’s case would be transferred to the Criminal Court of Record, that he would later plead guilty to a felony, and be sentenced as an adult in a criminal court.
*676 The general philosophy of the juvenile court system and the many safeguards for the present and future welfare of minors detailed in Chapter 39, Juvenile Courts, Florida Statutes, F.S.A., could, and in all probability would, lull a parent into a feeling of security that a child’s delinquencies were to be heard in a juvenile court. Notice from a criminal court might well have elicited effort in the child’s behalf and resulted in a different charge and a different penalty. Notice that a minor is being held for disposition in the juvenile court is something entirely different from notice that a sixteen-year old child is being arraigned and tried on a felony charge in the criminal court.
Section 932.38, Florida Statutes, F.S.A., contemplates reasonable notice to one of the persons named therein. It is noteworthy that on November 2, 1954, the telegraphic notice went from the Dade County Juvenile Court in Miami to the mother in New Hampshire, and on November 3, 1954, the mother was notified by letter that the hearing for her son would be held on November 4, the following day. The file does not indicate that any further notice was given to the mother or any other interested person, and the longest notice given was from receipt of the telegram on November 2 and the hearing in the Juvenile Court on November 4. Obviously, where the child was detained in Miami, Florida, and the mother resided in the state of New Hampshire, the notice was so short as to be unreasonable and inadequate, and we so hold.
Further, the return shows that the petitioner is serving a five-year sentence for the offense of escape imposed by the Circuit Court in and for Bay County, Florida, on April 26, 1960, such conviction occurring after the petitioner was twenty-one years of age.
For the reasons stated the judgments dated November 18, 1954 under attack are set aside and the petitioner is discharged from further detention under said judgments. However, he shall be retained in custody by the respondent to be by him held and safely kept to answer the further order of the appropriate court touching charges contained in the informations pursuant to which he was originally incarcerated. The prisoner being in the lawful custody of the respondent, he cannot now, in these proceedings, question the validity of the five-year sentence for escape. Cash v. Culver, Fla., 122 So.2d 179 and also Tilghman v. Culver, Fla., 99 So.2d 282.
It is so ordered.
THOMAS, C. J., and DREW, THOR-NAL and O’CONNELL, JJ., concur.