TERRELL, Justice
(dissenting).
The petitioner, J. L. Davis, filed his petition in this court for habeas corpus alleging, among other things, that on February 13, 1961, he was sentenced by the Criminal Court of Record, Polk County, to two prison terms of five years each to run consecutively. The petitioner did not disclose the nature of the offenses for which he stands convicted. The petitioner further alleged that at the time said sentences were imposed he was a minor, unmarried, of the age of twenty years; that his mother, his only surviving parent and legal guardian, was not notified of the charges against him or of the time and place of his arraignment; that said prison terms were imposed pursuant to petitioner’s pleas of guilty to the offenses charged, all of which was in violation of § 932.38, Florida Statutes, F.S.A., because the notice required therein was not given petitioner’s mother. On the basis of said petition, writ of habeas corpus was granted March 20, 1961, and return thereto was required.
The return was seasonably proffered and discloses that the petitioner on February 13, 1961, was sentenced by the Criminal Court of Record, Polk County, to four prison *155 terms of five years each to run concurrently and one prison term of five years to run consecutively. The said sentences were imposed for three separate offenses of breaking and entering with intent to commit a felony and grand larceny, one offense of grand larceny and one offense of breaking and entering with intent to commit a misdemeanor and petit larceny; all of said sentences are fully reflected by certified copies of the respective judgments, sentences and informations in connection therewith, copies of which marked Exhibits “A” and “B,” are made a part of the record in this case.
The respondent admits that he [Cochran] is without knowledge as to whether or not petitioner’s mother was advised prior to petitioner’s arraignment that he was being held in connection with the offenses set forth in the return to the petition, therefore, neither admits nor denies the same. The record clearly answers this question in the negative. The respondent further avers that the petitioner’s father was deceased at the time of his arraignment January 29, 1959, and that petitioner’s mother, a former inmate at Chattahoochee, was at the time of the petitioner’s arraignment living with her parents and brother at Lake Wales, Florida; that petitioner’s uncle, his mother’s brother, with whom she resided in Lake Wales, came before the court prior to the arraignment of the petitioner, and discussed the charges with the court and thereafter employed an attorney to represent the petitioner. That pursuant to the efforts of the uncle of the petitioner, the court after accepting the pleas of guilty, placed the petitioner on probation; that said probation was revoked on February 13, 1961, and the sentences imposed because the petitioner refused to abide by the terms of his probation; that the petitioner was primarily reared by his aunt and uncle and his grandmother, his mother contributing little, if anything, to his upbringing.
Based upon these and other immaterial facts, the respondent says that the petitioner is legally detained and restrained of his liberty because petitioner’s uncle, with whom petitioner’s mother resided and by whom petitioner was primarily reared, was, under the circumstances, a guardian de facto, who had reasonable notice of charges then pending against petitioner and, as a result thereof, came to his aid and assistance; all of which resulted in petitioner’s being afforded the basic protection contemplated by § 932.38, Florida Statutes, F.S.A.
Respondent concedes that the applicable statute was not literally complied with. From the facts so detailed, can it be said that the petitioner’s mother and guardian had timely actual notice of the charges pending against her son prior to his arraignment and trial? Thompson v. Cochran, Fla.1961, 126 So.2d 564.
This court has consistently held that actual notice of charges against a minor must be given the parents or guardian prior to arraignment and trial if such notice meets the requirement of the statute, § 932.-38, Florida Statutes, F.S.A. Pitts v. State, 1924, 88 Fla. 438, 102 So. 554; Snell v. Mayo, Fla.1956, 84 So.2d 581; Bowen v. Cochran, Fla.1960, 121 So.2d 154. In the Pitts case, supra, the parents actually saw the crime committed by their minor son. In the Snell case, supra, the court clerk had mailed notice to the parents who lived out of state, which notice was not returned, and the minor’s uncle had conferred with the minor in the jail prior to arraignment and told the minor that he had notified his parents. In the Bowen case, supra, the minor’s parents had visited him in the jail prior to his trial.
It is patent from an examination of the record in this case that the trial court utterly failed to comply with any of the alternatives set forth in § 932.38, Florida Statutes, F.S.A. It is equally clear that the respondent has failed to demonstrate that the minor’s mother received actual notice of the charges pending against her son prior to his arraignment and entry of the pleas of guilty to the offenses with which he stood *156 charged. Under such circumstances, this cause is concluded by Kinard v. Cochran, Fla.1959, 113 So.2d 843, wherein we held that failure of the trial court to comply with any of the alternatives in § 932.38, Florida Statutes, F.S.A. is fatal.
I think petitioner should be discharged pursuant to the rule announced in Cash v. Culver, Fla.1960, 122 So.2d 179, permitting respondent to retain petitioner in custody until the further order of the appropriate court on the charges for which petitioner was originally incarcerated.
I, therefore, dissent from the view of the majority of the court and am authorized to say that Mr. Justice THORNAL and Mr. Justice O’CONNELL concur in this view.
THORNAL and O’CONNELL, JJ., concur.