PER CURIAM.
John W. Craig, petitioned this Court for writ of habeas corpus alleging that he was illegally confined because, although he was a minor at the time of the proceedings leading to the present detention, the State did not comply with Sec. 932.38, F.S.A.
We issued the writ and the respondent filed his return. To the return is attached a transcript of a statement taken of petitioner’s mother by the assistant county solicitor of Polk County after the issuance of the writ.
The return and the abovementioned statement show that petitioner’s parents visited him in the county jail on numerous occasions and knew of the charges against him prior to the petitioner’s pleading guilty. It is also shown that petitioner’s parents discussed the possibility of probation with the trial judge prior to sentencing of petitioner.
It is clear that the petitioner’s parents had actual notice of the charges pending against him. This is all that the statute requires. Bowen v. Cochran, Fla.1960, 121 So.2d 154.
Petitioner was arrested on August 16, entered a plea of guilty on September 16, and was sentenced on November 7, 1960. The parents had adequate opportunity to act to advise petitioner and to act to protect his rights.
Petitioner’s real complaint seems to be that his parents were not notified of the date of his arraignment and the date on which he was to be sentenced. The statute does not require notice of these events to be given to the parents of a minor.
On this further consideration it appears that the petition is without merit. The writ of habeas corpus heretofore issued is discharged and the petitioner is remanded to the custody of the respondent.
It is so ordered.
ROBERTS, C. J., and THOMAS, DREW, THORNAL and O’CONNELL, JJ., concur.