ROBERTS, Chief Justice.
Walter Franklin Branson petitioned this court for a writ of habeas coprus, alleging that he is illegally confined because, although he was an unmarried minor according to Florida law, at the time of his trial upon a charge of murder his parents were not notified of the charges pending against him prior to said trial, as required by § 932.38, F.S.A.
We issued the writ and the respondent has now filed his return, together with numerous exhibits, including the sworn statement of petitioner’s mother. The return and the aforementioned exhibits show that petitioner was arrested on July 1, 1957 on a charge of premeditated murder. The parents had been divorced since 1943 and the petitioner, as a child, had been abandoned by the father, thereby leaving the mother as the only parent to assume any responsibility for the child. On July 2nd, 1957, as the result of a newspaper article, his mother visited him at the county jail. She continued to visit the petitioner upon repeated occasions between July 2, 1957 and October 21, 1957, the date of the petitioner’s trial. On September 19, 1957, official notice of the charge against the petitioner and the date of his trial were mailed to the petitioner’s mother by registered mail. Further, it is clear that the petitioner’s mother was present in the circuit court room on October 21, 1957 when the petitioner, who was represented by counsel, withdrew his plea of not guilty to the charge of murder in the first degree and plead guilty to having committed the offense of murder in the second degree. The estranged father was living in St. Augustine, Florida at the time, and the information was passed to him by the mother. The father offered no assistance.
From the foregoing facts, it is obvious that the minimum requirements of § 932.38, F.S.A., were more than adequately met with reference to the petitioner and that the petitioner’s statement, that his parents were not notified, has proved to be a falsehood.
*317 The writ of habeas corpus heretofore issued is hereby discharged and the petitioner is remanded to the custody of the respondent.
DREW, THORNAL, O’CONNELL and HOBSON (retired), JJ., concur.