274 So.2d 23 (1973)
Richard McINTOSH, Appellant,
v.
STATE of Florida, Appellee.
Nos. 72-94, 72-232.
District Court of Appeal of Florida, Second District.
March 7, 1973.
John J. Duffy, Clearwater, and Walter R. Talley, Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
McIntosh was convicted in November and became twenty-one the following May. In October, the State had attempted service of the notice required by Fla. Stat. § 925.07 (1971), F.S.A., on his parents, but without success. They live in Connecticut. At the trial McIntosh said that "they know I am here." McIntosh had called his father and told him that he had been "busted," whereupon he got parental advice unrelated to the defense of his case, and hung up. There is in this record absolutely no evidence that the parents knew the nature of the charge, that it was a felony, or in which court it was pending. A motion for post-conviction relief was denied by the trial judge on a finding that the parents had actual notice. The judge recited in the order denying relief that the father undertook to lecture his son, provoking the termination of the conversation, which the judge nevertheless held to constitute actual notice. The order goes on to recite that McIntosh was "just short of his 21st birthday, had completed two years of military service, was making his own way in the world, and at all times was represented by able and competent counsel."
Perhaps the Legislature will change the law. Until it does, we must follow it. The State knew that the statute had not been complied with and had ample time to do so. No case cited by the State in support of the trial judge's order is remotely sufficient to permit affirmance. In Snell v. Mayo, Fla. 1956, 84 So.2d 581, our Supreme Court held that actual notice received through regular mail was sufficient, despite a claim that the notice was not *24 served in the usual manner. Affirmance in Bowen v. Cochran, Fla. 1960, 121 So.2d 154, rested upon a finding of actual notice based on proof that the petitioner's parents had visited him at the jail two weeks before trial. In Johnson v. Cochran, Fla. 1960, 124 So.2d 488, the file contained a receipt from "Fanny M. Johnson" and evidence that Fanny M. Johnson was listed by the petitioner with the Department of Corrections as his "notification relative." The Court held that a failure to notify Johnson's grandmother was no ground for habeas corpus. Branson v. Cochran, Fla. 1962, 138 So.2d 316, was a case in which petitioner's allegation was found to be false. The record showed that he had been abandoned by his father as a child and that his mother visited the jail repeatedly over a period of three and one-half months before trial. Craig v. Cochran, Fla. 1961, 132 So.2d 196, is to like effect.
Perhaps the closest case to the present one is McGuirk v. Cochran, Fla. 1961, 126 So.2d 555, in which the State proved knowledge on the parent's part that the petitioner was "in the Dade County Jail awaiting trial." That is slightly more specific than the strongest case which can be made for the knowledge held by McIntosh's father. Habeas corpus was granted in McGuirk because that language "is not sufficient to show actual knowledge on the part of the parent that the petitioner was held to answer the serious charges of robbery." See also Thompson v. Cochran, Fla. 1961, 126 So.2d 564.
The order denying post-conviction relief in Case No. 72-232 is reversed and the cause is remanded with directions to grant a new trial. Thereupon the direct appeal in Case No. 72-94, in which the former Public Defender for the Twelfth Circuit found no arguable merit, becomes moot. Consequently we grant his motion to withdraw as counsel and dismiss the appeal as moot. Under the circumstances there is no need to appoint substitute counsel.
Case 72-232 reversed and remanded. In case 72-94, motion to withdraw as counsel granted; appeal dismissed upon entry of mandate in 72-232.
HOBSON and BOARDMAN, JJ., concur.