PEARSON, Judge.
The defendant was charged by information with the possession of a stolen vehicle and buying, receiving or concealing stolen property. He was arraigned, pleaded not guilty and waived trial by jury. On the same day that he was arraigned, a notice of the charges was mailed by the clerk of the court to the mother of the unmarried minor defendant. The notice was returned unclaimed.
' Thereafter, appellant withdrew his plea of not guilty and entered a plea of guilty to the charge of possession of a stolen vehicle. He was sentenced to a term in the county jail plus a probationary period. Subsequently, appellant’s probation was revoked and this appeal followed. On this appeal, error is assigned to the failure of the record to affirmatively show that the court or its officers have fulfilled the duty set forth in Fla.Stat. § 925.07, F.S.A. as well as to the legality of the sentence.
The judgment and sentence in this case must be reversed because of the failure of the record to show the discharge of the statutory duty. See Collins v. Wainwright, Fla.1962, 146 So.2d 97; Warren v. State, Fla.App.1972, 266 So.2d 114; McIntosh v. State, Fla.App.1973, 274 So.2d 23.
Having reached this conclusion it is not necessary for us to consider the validity of the sentence.
Reversed and remanded for a new trial.