297 So.2d 67 (1974)
Leon Guy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-634.
District Court of Appeal of Florida, Second District.
June 26, 1974.
*68 James A. Gardner, Public Defender, Sarasota, and Robert T. Benton, II, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
The appellant, who was seventeen years of age at the time of both the offenses charged and of his pleas of guilty to them, appeals from separate convictions, entered upon the reception of those pleas, and from separate consecutive life sentences, for robbery and first degree murder. The record demonstrates beyond question that the guilty pleas were accepted only after the trial judge had meticulously conducted the hearing required by Criminal Rule 3.170(j) and was satisfied  as are we  that they had been freely, voluntarily, and, most important of all, knowingly made. Indeed, the defendant does not here really contend otherwise.
His primary contention rests upon the fact that he was a minor and that the certified mail notices provided by Fla. Stat. § 925.07 F.S.A. had apparently not themselves been received by his mother, who was a resident of Thomasville, Georgia. The record demonstrates, however, that Williams' mother had ample actual knowledge of her "son's predicament" in general and even of the specific charges placed against him. Bowen v. Cochran, Fla. 1960, 121 So.2d 154. Among other things, Williams was arrested for the charges at his home in Thomasville, and, as in the Bowen case, she had visited him in the Polk County jail two or three weeks prior to the pleas. Thus, it is clear that Williams' mother had the "actual notice" of the charges which the statute is designed to insure; since that is true, her failure to receive the thus-superfluous mail notice of the same thing is, as the cases clearly hold, simply immaterial. E.G., Holloway v. State, Fla.App. 1968, 216 So.2d 248, 249-250, and cases cited; Bowen v. Cochran, supra; Snell v. Mayo, Fla. 1956, 84 So.2d 581, 582.
None of the cases cited by the appellant for a contrary holding support his contention. In State ex rel. Hamilton v. Chapman, 125 Fla. 235, 169 So. 658, 660 and DiMarco v. Cochran, Fla. 1961, 127 So.2d 674, the parents' notice was received at a time so close to that of the scheduled trial that it was simply purposeless and, in fact, "futile". In McIntosh v. State, Fla.App. 1973, 274 So.2d 23, there was no showing that the defendant's parents had ever had *69 any notice of the nature of the charges against him. Neither of these circumstances is present in this case, in which Mrs. Williams gained actual knowledge of the charges against the defendant in ample time before the trial to provide complete and adequate "opportunity ... for consultation and advice ..." with him. See Milligan v. State, Fla.App. 1965, 177 So.2d 75, 77. The law requires no more.
The defendant also complains that the sentence on the robbery conviction[1] was not preceded by the presentence investigation he says was required by Criminal Rule 3.710, 33 F.S.A., both because this was his "first" felony conviction (the conviction preceded by an instant that on the murder charge), and because he was under the age of eighteen. Mitchum v. State, Fla.App. 1974, 292 So.2d 620; Harden v. State, Fla.App. 1974, 290 So.2d 551. As the First District pointed out in Mitchum, at 292 So.2d 622, however, this apparently mandatory requirement may be the subject of an effective waiver. We think that that is what occurred below in this case.
Prior to his acceptance of the defendant's pleas  which obviously followed a plea bargain as a result of which he avoided a possible exposure to the death sentence for first degree murder  the trial judge informed him not only of the possible sentences but of the fact that, if the pleas were received, he would sentence him to the consecutive life sentences which Williams in fact received. We hold that the defendant's knowing acceptance of these sentences, an acceptance which necessarily precluded the necessity of conducting a presentence investigation which would not have affected them, constituted a clear and unequivocal waiver of the provisions of Criminal Rule 3.710, 33 F.S.A.
Affirmed.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] By its terms, Rule 3.710 does not require a presentence investigation before sentence on the capital offense of first degree murder.