BARKDULL, Chief Judge.
The defendant was originally charged upon four separate informations with four separate crimes. He was adjudicated guilty and sentenced in Case No. 68-4602 to five years in the state penitentiary, in Case No. 69-117 to two years in the state penitentiary, in Case No. 69-1693 to twenty years in the state penitentiary, and in Case No. 69-2454 to five years in the state penitentiary, the sentences to run concurrently. He thereafter filed a petition under Rule 3.850 RCrP, and the adjudication and sentences in all the cases were set aside and vacated and a new trial was ordered.
Thereafter, when the matter came on for retrial on these four charges, the defendant tendered a plea of guilty in Cases Nos. 69-117, 69-1693, and 69-2454, and was placed on probation; charges in Case No. 68-4602 were dropped. Subsequently he was charged with having violated his probation; the trial judge found that he had in fact violated his probation, revoked probation and proceeded to sentence him to forty years in Case No. 69-1693, ten years in Case No. 69-2454, and five years in Case No. 69-117, the latter two sentences to run concurrently with the 40-year sentence. The trial court refused to give him credit for the time served on the original sentences.
By this appeal, the appellant contends the trial court erred in revoking his probation because he was deprived of effective counsel. We find this contention to be without merit, and affirm. Brill v. State, 159 Fla. 682, 32 So.2d 607; Williams v. State, Fla.App.1968, 215 So.2d 617; Solloa v. State, Fla.App.1969, 227 So.2d 217; Caplinger v. State, Fla.App.1973, 271 So.2d 780; Walker v. Wainwright, D.C.M.D.Fla.1972, 350 F.Supp.916. Error is also urged in the trial judge’s sentencing the appellant to terms [upon a revocation of his probation] in excess of those originally given at the time of the first convictions, which were ultimately set aside upon the Rule 3.850 motion, in effect contending that the trial court could not have given him a greater sentence on these convictions than those originally given. See: North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. We find no merit in this contention because our statute [§ 948.06, Fla.Stat.] grants unto a trial judge the power [upon a revocation of probation] to give any sentence that he might have originally imposed.
We find the Supreme Court’s ruling in North Carolina v. Pearce, supra, is *291 not determinative of the question at hand. It is true that if we were confronted with a resentencing imposed upon the granting of the new trial that holding would be applicable, but sub judice we are considering a sentence imposed pursuant to an order of revocation of probation. After vacation of the original convictions and sentences and pursuant to guilty pleas, the appellant was given the privilege of probation. This was clearly within the mandate of North Carolina v. Pearce, supra, being in fact less than the original sentence. At this point, the appellant was in control of his own destiny. By simply abiding by the conditions of his probation, his debt to society would have been paid merely by his conducting himself in a proper manner. It was alleged he did not do so and revocation of probation proceedings were instituted, resulting in a hearing at which different circumstances and conduct were presented to the trial judge, to wit: the appellant’s failure to abide by the laws and conduct himself in a law abiding manner. The appellant had full knowledge of the consequences of his failure to abide by the terms of his probation, yet he voluntarily chose not to do so. The sentences imposed herein were occasioned by the appellant’s own conduct and in conformance with the applicable statutes governing revocation of probation; therefore, they are not erroneous.
Lastly, the appellant urges that the trial judge erred in not crediting him with the time he originally served, prior to the adjudications being set aside on the Rule 3.850 motion. Initially, the appellant was sentenced on four different charges; the sentences were to run concurrently. So, in effect he did serve time on the three charges upon which he was ultimately placed on probation and, upon a revocation of this probation, he should have been credited for the time previously served.
Therefore, for the reasons above stated, the order revoking probation is affirmed; however, the matter is remanded to the trial court to accord the appellant credit for the two years, nine months and one day that he served upon his original incarceration.