HOBSON, Judge.
This is a consolidated appeal whereby the appellants appeal the revocation of probation and subsequent sentences of five years each with credit for time served.
Appellant Mitchell alleges that at the time of the original offense he was a minor and that Florida Statute § 925.07 requiring the parent or guardian of a minor to be given notice of the criminal charge was not complied with by the State. The record on appeal reveals that at the time Mitchell pled guilty to the charge he informed the court that he was 22 years of age and divorced. It also appears of record that at the time of sentencing on the original charge and at the revocation hearing appellant indicated that he was 17 years of age at the time of the offense. There is no indication from the record whether or not Mitchell’s parents were served with notice or had actual notice of the charges.
Appellee contends that under Florida Statute § 924.06(2) the appellate court may review only proceedings after the order of probation and that any relief on this issue is properly the subject for post-conviction relief under Criminal Procedure Rule 3.-850.
Our sister court in Romero v. State, Fla.App.4th 1971, 251 So.2d 137, held that under circumstances such as these where the record is insufficient to permit a review of the alleged noncompliance with Florida Statute § 925.07, the proper remedy would be under Criminal Procedure Rule 3.850.
The other points on appeal have been considered and found to be without merit. See Singletary v. State, Fla.App.4th 1974, 290 So.2d 116; Jones v. State, Fla.App.2d 1974, 297 So.2d 93; and Scott v. State, Fla.App.3rd 1974, 305 So.2d 289.
For the foregoing reasons, the orders revoking probation and the imposition of sentences with credit for time served are *559 affirmed, without prejudice to appellant Mitchell to raise the noncompliance of Florida Statute § 925.07 in a motion provided for under Criminal Rule 3.850.
Affirmed.
McNULTY, C. J., and BOARDMAN, J., concur.