326 So.2d 165 (1976)
William Arthur SCOTT, Petitioner,
v.
The STATE of Florida, Respondent.
No. 46777.
Supreme Court of Florida.
January 15, 1976.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for petitioner.
*166 Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for respondent.
MUSZYNSKI, Circuit Judge.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Third District, that its decision (Scott v. State, 305 So.2d 289) is one which involves a question of great public interest. See Fla. Const., art. V, § 3(b)(3), F.S.A.
The question certified by the District Court of Appeal is:
"Whether a trial judge who previously sentenced a defendant to a term of years and upon a new trial, after the defendant is put on probation and said probation is revoked, may he then sentence him to a term in excess of the original term of incarceration"?
The District Court of Appeal, by a vote of two to one, answered the certified question in the affirmative. Although this Court is free to decline to entertain this cause, Zirin v. Charles Pfizer & Co., 128 So.2d 594 (Fla. 1961), we prefer to accept jurisdiction and adopt the majority opinion of the District Court of Appeal as the opinion of this Court. Therefore, we hold that a trial judge who previously sentenced a defendant to a term of years less than the maximum allowable by law, may, after a new trial wherein defendant is placed on probation, impose for violation of the terms of probation, any sentence up to the maximum which could have been originally imposed.
In addition to answering the certified question in the affirmative, we affirm the District Court's disposition of the other issue involved in its decision.
It is so ordered.
ADKINS, C.J., and ROBERTS, J., concur.
ENGLAND, J., concurs specially with an opinion.
BOYD, J., dissents with an opinion.
ENGLAND, Justice (concurring specially).
I concur in the Court's decision for the reasons expressed in the majority opinion of the Third District Court of Appeal.
BOYD, Justice (dissenting).
I respectfully dissent to the majority opinion for three reasons:
1. North Carolina v. Pearce[1] establishes a Federal standard which controls here:
"In order to assure the absence of such a motivation [vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (emphasis supplied)
In my opinion, this standard is not superseded by Section 948.06, Florida Statutes, which, upon breach of probation, authorizes the trial court to "impose any sentence which it might have originally imposed before placing the probationer on probation." Reading this statute in light of Pearce, supra, the maximum sentence which the court may impose in a new trial is the sentence previously given, unless aggravating circumstances not present in the original trial are shown. The crucial question is whether, in finding aggravating conditions not present in the first trial, the court can consider post-trial misconduct, such as violation of probation. As observed by Judge Carroll in his dissenting opinion sub judice, there was no such showing made here.
*167 2. In the instant revocation of probation and resentencing hearing the Assistant Public Defender had never heard of Petitioner or his case until five minutes before the trial began. Even Perry Mason could not give the representation granted by the Constitutions on such short notice. If the Public Defender failed in his duties, he should be disciplined, but his client should not suffer the consequences of his failure to send a competent attorney, one acquainted with the case.[2] Even though this was a probation revocation hearing rather than a trial, Petitioner was entitled to effective assistance of counsel.[3]
3. The evidence adduced at the probation hearing might have authorized conviction in a criminal trial, but the record shows that the court's disposition here violated Petitioner's constitutionally guaranteed right of due process by disregarding too many rules of procedure, such as the one against hearsay evidence.
For the above reasons I dissent. I would answer the certified question in the negative and order a new hearing on probation violation with sentence not to exceed twenty years unless aggravating circumstances existing at time of first trial and not brought to that court's attention are shown.
NOTES
[1] 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[2] Nelson v. State, 274 So.2d 256 (Fla.App. 1973).
[3] Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).