PER CURIAM.
Thomas appeals the denial without evi-dentiary hearing of his RCrP 3.850 motion for post-conviction relief.[1]
In his motion appellant alleged that when he first appeared before the trial court he informed the judge that he was seventeen years old and had never been married. He alleged that he informed the court that his parents’ address was: “Mr. and Mrs. James E. Thomas, 123 N. Linville, Westland, Michigan.” Nevertheless, he said, the notice to parent required by § 925.-07, F.S. 1973, was sent by certified mail to “Catherine Thomas, Westland, Mich.” and was returned for insufficient address. Appellant also alleged that no further effort was made to notify his parents. The trial court denied the motion on the grounds that the record “conclusively” showed that appellant was entitled to no relief. We disagree and remand for an evidentiary hearing.[2]
The record in fact shows that a notice was sent by certified mail to “Mrs. Catherine Thomas, Westland, Michigan,” and that the letter was returned stamped “unknown” and “insufficient address.” Furthermore, the record is silent as to whether any further effort was made to notify appellant’s parents. The transcript of the first hearing during which appellant alleges he provided the court with his parents’ complete correct address is not included at all. Under these circumstances the trial court erred in denying appellant’s motion without an evidentiary hearing.
In the first place, the court’s burden of notifying a minor’s parents is not satisfied merely by a single attempt to contact the defendant’s parents by means of a certified letter when it is returned “unknown” or for similar reasons.[3]
Secondly, nothing in the record indicates that the alternative to notice to a parent, as provided for by the statute, was utilized.[4] It may be that at the evidentiary hearing the state will be able to show that the statutory alternative was met, that additional and sufficient effort was made to give notice or that appellant’s parents had actual notice.[5] But, absent that, appellant is entitled to a new trial.
*672 Reversed and remanded for further proceedings not inconsistent herewith.
McNULTY, C. J., and GRIMES and SCHEB, JJ., concur.

. On direct appeal appellant’s conviction for second degree murder was affirmed by this court in a decision upholding the sufficiency of the evidence. Thomas v. State (Fla.App.2d 1974), 293 So.2d 88.

. The state argues that this point should have been raised on direct appeal and could not be raised on a RCrP 3.850 motion for post-conviction relief. This contention is clearly without merit. E. g., Mitchell v. State (Fla.App.2d 1975), 309 So.2d 558.

. Cf. Collins v. Wainwright (Fla.1962), 146 So.2d 97. Also see Warren v. State (Fla.App. 1st, 1972), 266 So.2d 114.

. Section 925.07 requires notice to “any friend or relative designated by the minor” if parents are unknown.

. See Williams v. State (Fla.App.2d, 1974), 297 So.2d 67.