PER CURIAM.
Appellant seeks review of an order denying him relief pursuant to CrRP 1.850, 33 F.S.A. His petition alleged that he was hot effectively represented by counsel at trial by stating: “[T]hat defense counsel was inadequate and did not represent the defendant’s best interests.” The basis of this contention rests on the fact that the record does not disclose any interview between appellant’s appointed counsel and the appellant prior to the trial.
However, the record does show that the appellant had been represented by private counsel prior to the trial stage; that the public defender was ready to proceed with the trial when the case was called, and never made a motion to continue in order to properly prepare a defense; and that the public defender filed a motion to suppress evidence prior to the trial. All of these factors belie any legal basis for asserting that representation was inadequate. Goforth v. United States, 314 F.2d 868 (10th Cir. 1963).
In Simpson v. State, Fla.App. 1964, 164 So.2d 224, we adopted the federal rationale which holds that the competence of counsel can not bfe determined by the amount of time he is shown to have spent *618 with the accused. An allegation that counsel did not interview the accused prior to trial, standing alone, does not constitute grounds upon which relief pursuant to CrRP 1.850 can be granted. See Conyers v. State, Fla.App.1968, 215 So.2d 616 (Third District Court of Appeal). See also State v. Barton, Fla.1967, 194 So.2d 241, which sets forth the reasoning of this rule as developed in a series of federal cases construing 28 U.S.C.A. § 2255, which is the federal counterpart of CrRP 1.850.
Based on the foregoing, we conclude that the trial court was correct in denying the appellant an evidentiary hearing on his CrRP 1.850 petition. Therefore, the ordf appealed from is affirmed.
Affirmed.