WALDEN, Judge.
Defendant plead guilty to the crime of assault with intent to commit robbery and was duly sentenced. He thereafter filed a motion for post conviction relief under Rule 1.850, 33 F.S.A., saying that his plea was coerced because his attorney (Public Defender) told him that he would receive the death penalty if he did not plead guilty and that, if the plea was made, he would receive a five year sentence. This motion was denied without an evidentiary hearing. Defendant appeals. We reverse.
Review of the record so far as it travels, as conceded by defendant, reveals no lack of voluntariness on the part of defendant in the entry of his guilty plea. However, the present concrete averments do not appear and are not refuted in the record. If they are true they could very well lead to the conclusion that the plea was involuntary and that defendant should be permitted to withdraw it.
We, therefore, hold that the defendant, appellant here, is entitled to an evidentiary hearing as to the voluntariness of his guilty plea and specifically with reference *680 to his allegation that his attorney threatened him with the death penalty if he did not plead guilty and his advancement of the tacit promise that he would receive a five year sentence, only, if he did plead guilty. We do this on authority of Brumley v. State, Fla.App.1969, 224 So.2d 447, and Bartz v. State, Fla.App.1969, 221 So.2d 7.
Reversed and remanded for an eviden-tiary hearing in accordance with this opinion.
Reversed and remanded.
REED and MAGER, JJ., concur.