278 So.2d 657 (1973)
Artis SCARBOROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 72-648.
District Court of Appeal of Florida, Second District.
May 30, 1973.
James A. Gardner, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
This was an original habeas corpus action by which appellant sought to be afforded, and in which we granted, a belated appeal under the rule of Baggett v. Wainwright, Fla. 1969, 229 So.2d 239, to review the lower court's order denying appellant's motion to vacate and set aside judgment and sentence.
In his motion to vacate appellant contends that he was denied the right to have effective assistance of counsel. This contention was conclusively refuted by the record; Steinhauser v. State, Fla.App. 1969, 228 So.2d 446. When he entered his plea of guilty, appellant admitted that he had *658 thoroughly discussed his case at length with his lawyer before entering the plea, and was satisfied with his representation. The record reveals that appellant was energetically and capably represented by court-appointed counsel by the filing of numerous motions and attending hearings thereon.
The allegations that defense counsel visited appellant only twice in jail does not in itself establish incompetent representation; State v. Barton, Fla. 1967, 194 So.2d 241; Williams v. State, Fla.App. 1968, 215 So.2d 617; Fuller v. Wainwright, Fla. 1970, 238 So.2d 65.
For his contention that he was psychologically coerced by his attorney to enter his plea of guilty, appellant cites Brumley v. State, Fla.App., 224 So.2d 447; Davis v. State, Fla.App., 242 So.2d 750, and Cooley v. State, Fla.App., 245 So.2d 679. In those cases the appellate court indicated that the record did not affirmatively refute the allegations. In the case sub judice, however, the record shows that appellant specifically denied that anyone in any fashion whatever had done anything by way of duress, pressure, influence, force, or any other method to cause him to plead guilty, or that anyone had promised him anything or threatened him.
Appellant's legal representation met the "range of competent advice" standard of McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, which held that gross error on the part of counsel must be demonstrated when he recommended that the defendant plead guilty instead of going to trial, and that serious derelictions on the part of counsel must be alleged, and proved, sufficient to show that his plea was not, after all, a knowing and intelligent act.
Appellant next contends that his plea of guilty was not freely and voluntarily entered with knowledge of its consequences in that the record does not reflect that he was affirmatively advised that if he went to trial he would not be compelled to testify against himself, and that he had the right to confront his accusers at trial.
In the recent case of (Davis v. State, Fla.App., 277 So.2d 300, opinion filed April 19, 1973,) this court said:
"We do not read Boykin [Boykin v. Alabama, 395 U.S. 238, [89 S.Ct. 1709] 23 L.Ed.2d 274 (1969)] and Brady [Brady v. United States, 397 U.S. 742, [90 S.Ct. 1463] 25 L.Ed.2d 747 (1970)] as a mandate to pronounce the exact words he has the `opportunity to confront his accusers if he went to trial and that he could not be compelled to testify against himself.'"
See also Kelly v. State, Fla.App. 1971, 254 So.2d 22.
In the case sub judice appellant was thoroughly questioned by the prosecuting attorney and the trial judge in regard to the voluntariness of his plea, and was asked if he realized that he had a right to a jury trial, and if he wished to waive that right with the advice of counsel. The nature of the crime and the punishment he could receive were explained to him, and appellant admitted that he was convinced that he had had all the rights and protections to which he was entitled. He also admitted that he had thoroughly discussed his case with his lawyer, and wanted to plead guilty because he was guilty. When taken in its totality, the record of the proceedings justifies the acceptance of the guilty plea.
As stated in Boykin, "trial strategy may of course make a plea of guilty seem the desirable course." In the present case it may be that appellant pled guilty to avoid the death sentence, (which could have been lawfully imposed at that time) since by pleading guilty he received a life sentence. Even where a defendant pleads guilty to avoid a death sentence and upon entering his plea testifies that he is innocent, such a plea is not involuntary where, *659 upon the advice of counsel, he was pleading guilty to limit the penalty that he might receive; North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). See also Brady, supra.
The order appealed is, therefore,
Affirmed.
MANN, C.J., and BOARDMAN, J., concur.