Jesse James **ROBERTS, Jr.,**
Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**
No. 73-2450
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Nov. 12, 1973.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

---

Joseph E. Wilkerson, Atlanta, Ga., for petitioner-appellant.

William J. Schloth, U. S. Atty., O. Hale Almand, Jr., Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

Petitioner Jesse James Roberts, Jr., appeals the denial of his Section 2255 motion without a hearing. We vacate and remand for an evidentiary hearing.

Roberts pled guilty in federal district court in Georgia to a four-count indictment charging him with violations of 18 U.S.C. § 500 (forging postal money orders) and to two counts charging violations of 18 U.S.C. § 2115 (breaking into United States Post Office). He had also pled guilty to two separate offenses committed in violation of 18 U.S.C. § 2113(d) (bank robbery with dangerous weapon). Roberts was sentenced to consecutive terms which totaled 75 years' imprisonment.

The sole issue which we need consider in the instant appeal is Roberts' assertion that his guilty pleas were involuntary because they were induced by his counsel's representation to him that a plea bargain had been made.

Roberts' Section 2255 motion asserts that his attorney told him that upon pleading guilty he would be sentenced to 15 years' imprisonment. Roberts also alleges that his counsel told him to respond, if asked, that he had received no inducements. When Roberts filed his Section 2255 motion, the attorney in-

volved was deceased. Roberts attached three supporting affidavits to his motion: one from the attorney who represented him in Oklahoma; one from his former wife; one from a person whose relationship to Roberts or his case is not specified. The attorney's affidavit includes the following statement:

> "Mr. Roberts and I desired that whatever sentence he received in the Oklahoma case in which I represented him would run concurrently with the sentences imposed in the Georgia cases. We, therefore, had discussions as to this feature. During the discussions, Mr. Roberts stated to me he believed that he would receive sentences in the Georgia cases of 15 years."

The affidavit of Roberts' former wife states that she was his legal wife at the time he was sentenced in Georgia, and that she was present at the sentencing proceedings. The affidavit continues:

> "When Jesse James Roberts, Jr. was brought into the courtroom I approached to within a few feet of him and asked him, 'Is there anything that I can do to help.' Mr. Roberts then turned to his lawyer, Mr. H. Grady Rawls, and asked, 'Is there anything that she can do?', and I heard Mr. Rawls reply, 'No, if you go ahead and plead guilty as I told you to do and say that no one has promised you anything, I have made an agreement where you are to receive a fifteen year sentence.'
>
> "I remember this so clearly because I had expected Mr. Roberts to receive a fifteen year sentence and was shocked when he received a total of 75 years."

The third affiant, one Elzie Ross, stated that he had telephoned attorney Rawls' office to inquire about the status of Roberts' case. A portion of the affidavit states that

> "At that time Mr. Rawls informed me that he had made arrangements with the court for Mr. Roberts to receive a fifteen year sentence upon the condition that Mr. Roberts plead

guilty and state in court that no kind of threats or promises had been made in regards to his cases. This information was related to me by Mr. Rawls on the telephone.

"I expected Mr. Roberts to receive the fifteen year sentence as promised by Mr. Rawls and was greatly surprised when he actually received seventy-five years."

Roberts' motion and affidavits raise issues of fact, and Section 2255 requires that a hearing be held to resolve these issues.

Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), is controlling in the instant appeal. In *Machibroda*, the petitioner filed a Section 2255 motion and submitted an affidavit detailing factual allegations that the Assistant United States Attorney had told him that a plea bargain had been made. The Assistant United States Attorney opposed the motion and filed an affidavit denying petitioner's allegations. The lower court denied the petition without a hearing, stating that one would have been required had the court had any doubt as to the falsity of the allegations, and that the Government's affidavit and the fact that the court had not received correspondence Machibroda claimed to have sent to it conclusively indicated that the allegations were false. *Machibroda, supra,* 368 U.S. at 494, 82 S.Ct. at 513. The Supreme Court stated, however:

"We think the District Court did not proceed in conformity with the provisions of 28 U.S.C. § 2255, 28 U. S.C.A. § 2255, when it made findings on controverted issues of fact without notice to the petitioner and without a hearing. United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 96 L. Ed. 232."

*Machibroda, supra, id.* The Court quoted its prior holding in Walker v. Johnston, 312 U.S. 275, 287, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941):

"Not by the pleadings and the affidavits, but by the whole of the testimo-ny, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge. The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence. On this record it is his right to be heard."

368 U.S. at 495, 82 S.Ct. at 514.

The court below stated that "[t]he transcript of the sentencing proceedings clearly demonstrates that these contentions are without foundation." In parallel circumstances, the same finding was made by the lower court in the *Machibroda* case, and the Supreme Court reversed, stating:

"This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court. The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection."

*Machibroda, supra,* 368 U.S. at 494–495, 82 S.Ct. at 514. The district court stated that it credited the United States Attorney's opposition to Roberts' motion, and that "[i]t may be appropriately observed that if Petitioner was in fact falsely induced by his counsel" he should have filed his Section 2255 petition before his counsel died, some years after Roberts was sentenced. But a Section 2255 petitioner has a right to present evidence in support of his allegations when there exist issues of fact, even though his position be "improbable and unbelievable."

Vacated and remanded for an evidentiary hearing.