**Jose MOODY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 73–1853.**

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1974.

Decided May 22, 1974.

**360**

James M. De Zelar, Chicago, Ill., for petitioner-appellant.

Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., Warren E. White, Asst. U. S. Atty., Danville, Ill., for respondent-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and SPRECHER, Circuit Judge.

SPRECHER, Circuit Judge.

Although the conviction involved here is affirmed, we are using this appeal to attempt to forestall unnecessary appeals and retrials in the future based upon alleged plea bargaining not shown of record.

I

Defendant Jose Moody was indicted for possession, with intent to distribute, of approximately 295 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

On August 28, 1972, he appeared with retained counsel and pleaded not guilty. On September 13, he reappeared with the same retained counsel and withdrew his not guilty plea and pleaded guilty. At that time the court addressed the defendant personally and attempted to determine whether the plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. Rule 11, Fed.R.Crim.P. Defendant was sentenced on October 10, 1972 to five years' imprisonment and, in addition, to a special parole term of three years.

On January 3, 1973, defendant submitted *pro se* his sworn petition for reduction of sentence in which he claimed that "petitioner's attorney  .  .  . used his position to coerce the guilty plea by offering a ninety day jail sentence with five years probation to follow." The petition was denied on January 11, the court upon review of the record finding that the plea of guilty was entered freely and voluntarily by the defendant.

On February 8, 1973, defendant submitted *pro se* his signed but not sworn motion to withdraw his guilty plea and to vacate the illegal sentence in which he alleged that his retained counsel had told him "that he has made a deal with the U. S. Attorney through a plea bargaining action" whereby defendant "would receive not over a nine (9) month sentence of imprisonment and the remaining part of his sentence on probation." He further alleged that his counsel had instructed him as to the answers to be given to the sentencing judge and that "the judge was in on the deal." The motion was denied on March 26, 1973, the court upon another review of the record finding that defendant "knew and understood the charges against him, and the consequences of a plea of guilty," and that defendant "was represented by competent counsel  .  .  . of his own choosing, and no dissatisfaction was expressed" by him "until approximately four months after judgment was entered."

In permitting defendant to proceed in forma pauperis in this court, Judge Stevens on September 7, 1973 raised the question: "Would it be appropriate to require the petitioner, in order to obtain an evidentiary hearing, to support his general allegations by either (a) affida-

vit of the lawyer who represented him at the arraignment, or (b) an affidavit of his own containing sufficient specific factual detail to indicate that there is probable merit to his claim."

The defendant appealed on the grounds that (1) the district court failed to address the defendant personally, (2) the record does not show that defendant voluntarily and understandingly entered the plea of guilty, and (3) the defendant was entitled to an evidentiary hearing upon his allegation that his guilty plea was induced by his retained attorney's promise of a lighter sentence.

## II

Prior to accepting defendant's guilty plea on September 13, 1972, the district court addressed twenty-one questions to the defendant personally, covering the maximum possible penalty, the defendant's right to plead not guilty and right to a jury trial, whether the defendant desired to plead guilty and to waive a jury trial, whether he was coerced or given promises or threatened or intimidated, whether defendant was physically or mentally ill, addicted to narcotics or alcohol, and whether he knew the charges against him and was guilty of those charges. Defendant's challenge to the completeness of these Rule 11 inquiries went to the requirement that the judge satisfy himself that "there is a factual basis for the plea." McCarthy v. United States, 394 U.S. 459, 467, 89 S. Ct. 1166, 1171, 22 L.Ed.2d 418 (1969).

On September 13, the court asked the defendant personally whether he knew the charge against him and whether he was guilty of that offense. Two weeks earlier when he had pleaded not guilty, the charge was stated in detail to him by the court and by the prosecutor. Prior to sentencing on October 10, when he still had an opportunity to withdraw his guilty plea, the court asked the following questions of the defendant relative to the factual basis for the plea:

> THE COURT: You did have this heroin in your possession, is that correct?

> THE DEFENDANT: Yes, sir.

> THE COURT: How much did you have?

> THE DEFENDANT: About twelve ounces.

> THE COURT: What would twelve ounces of heroin be worth?

> THE DEFENDANT: I don't know. The man was going to give me a thousand dollars for each one.

> THE COURT: A thousand dollars an ounce?

> THE DEFENDANT: Yes. That is what he say.

> THE COURT: How long had you had this heroin?

> THE DEFENDANT: Well, I had it about a month.

> THE COURT: About a month.

> THE DEFENDANT: He bring it to me and I put it on the farm.

> THE COURT: Sir?

> THE DEFENDANT: A friend of mine brought it to me so I can sell it and I keep it on the farm. I didn't want to sell it. I didn't know anybody so I had a friend of mine come to me and asked if I could find some so I said, "Yes, I know where I can find some." That is how it happened.

> \* \* \* \* \* \*

> THE COURT: Where did you get this heroin?

> THE DEFENDANT: A friend of mine brought it to me.

> THE COURT: You kept it in your possession?

> THE DEFENDANT: I put it on the farm. I put it in a can and dropped it in a hole there because I don't want to fool with it.

█ We conclude that the district court adequately addressed the defendant personally and determined that the plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea, as required by Rule 11 as it read at the time of the trial and as it now reads.

Defendant's final contention was that he was entitled to an evidentiary hearing regarding his allegation of plea bargaining.

The Supreme Court said in *McCarthy* that "Rule 11 is designed to eliminate any need to resort to later fact-finding proceeding 'in this highly subjective area.'" 394 U.S. at 469. At present, Rule 11 makes no requirement relating to the disclosure of alleged plea bargains (see Part III hereof).

In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), the prisoner filed a motion under 28 U.S.C. § 2255 to vacate his sentence, stating that in violation of Rule 11 the court had accepted the guilty plea without first determining its voluntariness when in fact plea bargaining had taken place. The opinion does not disclose what, if anything, the trial court had done in regard to a Rule 11 interrogation, but the defendant did file an extensive and highly detailed affidavit recounting the specifics of the promises made. The Court's opinion contains the complete affidavit and it is characterized as "detailed and specific." 368 U.S. at 495. The Court vacated the judgment denying a hearing in order that a hearing be held. However, the Court said at 495–496:

> What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense.
>
> \*   \*   \*   \*   \*   \*
>
> There will always be marginal cases, and this case is not far from the

line. But the specific and detailed factual assertions of the petitioner, while improbable, cannot at this juncture be said to be incredible.

Machibroda's detailed affidavit was made several years after his conviction. In the present case a few months after his conviction, defendant made the bare-bones allegation that he was promised a ninety-day jail sentence and a month later he made the general allegation that he was promised a nine-month sentence of imprisonment. We do not believe that defendant triggered the need for an evidentiary hearing. *See* Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), for another example of the detail required to be alleged in order to be entitled to a hearing.

■ We conclude therefore that the district court did not abuse its discretion in denying without hearing the defendant's motion to withdraw his guilty plea and to vacate his sentence.

## III

In exercise of our supervisory power [1] and because of a substantial number of appeals raising the same issue of off-the-record plea bargaining, we are taking this opportunity to attempt to conserve judicial energy in this circuit. See United States v. Silvern, 484 F.2d 879 (7th Cir. 1973).

The negotiated plea of guilty or "plea bargaining" has been a traditional anomaly of the judicial system. Although a substantial number of guilty pleas, which in turn account for about 90 percent of all convictions, have been the product of negotiations between prosecutors and defense counsel, with occasional participation or knowledge on the part of the trial judge, the whole process had been largely invisible and

---

[1]. Since we are not issuing a mandamus (Note, Supervisory and Advisory Mandamus Under the All Writs Act, 86 Harv.L.Rev. 595 (1973)), our action is more closely akin to a "Sunburst." Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932); Schaefer, The Control of "Sunbursts": Techniques of Prospective Overruling, 42 N.Y.U. L.Rev. 631 (1967).

carried on with the pretext that it did not exist.[2]

In 1967, the President's Commission on Law Enforcement and Administration of Justice recommended [3]:

If a negotiated agreement to plead guilty is reached, care should be taken by prosecutor and defense counsel to state explicitly all its terms.

Upon the plea of guilty in open court the terms of the agreement should be fully stated on the record and, in serious or complicated cases, reduced to writing.

In 1968, the American Bar Association Standards for criminal justice relating to pleas of guilty were approved by the ABA House of Delegates and contained the following standard as part of Section 1.5 [4]:

The court should not accept a plea of guilty or nolo contendere without

2. President's Commission on Law Enforcement and Administration of Justice, Task Force on Administration of Justice, Task Force Report: The Courts 9 (1967): "The system usually operates in an informal invisible manner. There is ordinarily no formal recognition that the defendant has been offered an inducement to plead guilty. Although the participants and frequently the judge know that negotiation has taken place, the prosecutor and defendant must ordinarily go through a courtroom ritual in which they deny that the guilty plea is the result of any threat or promise." *See also*, Justice Erickson, The Finality of a Plea of Guilty, 48 Notre Dame Lawyer 836, 839–41 (1973).

3. The Challenge of Crime in a Free Society 136 (1967).

4. American Bar Association Project on Standards for Criminal Justice, Standards Relating to Pleas of Guilty 29 (1968).
    Section 1.8 at 36–37 provides:
    Consideration of plea in final disposition.
    (a) It is proper for the court to grant charge and sentence concessions to defendants who enter a plea of guilty or nolo contendere when the interest of the public in the effective administration of criminal justice would thereby be served. Among the considerations which are appropriate in determining this question are:
    (i) that the defendant by his plea has aided in ensuring the prompt and certain application of correctional measures to him;
    (ii) that the defendant has acknowledged his guilt and shown a willingness to assume responsibility for his conduct;
    (iii) that the concessions will make possible alternative correctional measures which are better adapted to achieving rehabilitative, protective, deterrent or other purposes of correctional treatment or will prevent undue harm to the defendant from the form of conviction;
    (iv) that the defendant has made public trial unnecessary when there are good reasons for not having the case dealt with in a public trial;

(v) that the defendant has given or offered cooperation when such cooperation has resulted or may result in the successful prosecution of other offenders engaged in equally serious or more serious criminal conduct;
(vi) that the defendant by his plea has aided in avoiding delay (including delay due to crowded dockets) in the disposition of other cases and thereby has increased the probability of prompt and certain application of correctional measures to other offenders.
(b) The court should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law because the defendant has chosen to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty or nolo contendere.
Section 3.3 at 71–72 provides:
Responsibilities of the trial judge.
(a) The trial judge should not participate in plea discussions.
(b) If a tentative plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that other charges before that court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him. If the trial judge concurs but the final disposition does not include the charge or sentence concessions contemplated in the plea agreement, he shall state for the record what information in the presentence report contributed to his decision not to grant these concessions.
(c) When a plea of guilty or nolo contendere is tendered or received as a result

first determining that the plea is voluntary. By inquiring of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached.

This standard was supplemented by additional standards approved in 1972 relating to the function of the trial judge, which provided in Section 4.-1(b) [5]:

> The trial judge should not accept a plea of guilty or nolo contendere without first inquiring whether there is a plea agreement and, if there is one, requiring that it be disclosed on the record.

Chief Justice Berger, speaking for a unanimous court on this point, said in Santobello v. New York, 404 U.S. 257, 260–261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427:

> . . . The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly adminis-

tered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.

Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pre-trial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

On April 23, 1974, the Supreme Court approved and transmitted to Congress, to take effect on August 1, 1974 if approved, amendments to the Federal Rules of Criminal Procedure, including a greatly expanded Rule 11 which details plea agreement procedure.

---

of a prior plea agreement, the trial judge should give the agreement due consideration, but notwithstanding its existence he should reach an independent decision on whether to grant charge or sentence concessions under the principles set forth in section 1.8.

5. American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge 51–52 (1972). The entire section 4.1 reads as follows:

Role of the judge in plea discussions and plea agreements.

(a) The trial judge should not be involved with plea discussions before the parties have reached an agreement other than to facilitate fulfillment of the obligation of the prosecutor and defense counsel to explore with each other the possibility of disposition without trial.

(b) The trial judge should not accept a plea of guilty or nolo contendere without first inquiring whether there is a plea agreement and, if there is one, requiring that it be disclosed on the record.

(c) If the plea agreement contemplates the granting of charge or sentence concessions by the trial judge, he should:

(i) unless he then and there grants such concessions, inform the defendant as to the role of the judge with respect to such agreements, as provided in the following subparagraphs;

(ii) give the agreement due consideration, but notwithstanding its existence reach an independent decision on whether to grant charge or sentence concessions; and

(iii) permit withdrawal of the plea (or, if it has not yet been accepted, withdrawal of the tender of the plea) in any case in which the judge determines not to grant the charge or sentence concessions contemplated by the agreement.

(d) The trial judge may decline to give consideration to a plea agreement until after completion of a presentence investigation or may, in accordance with ABA Standards, Pleas of Guilty § 3.3(b), indicate his conditional concurrence prior thereto.

Amended Rule 11 includes in paragraphs (e)(2), (e)(5) and (g) the following:

(e) (2) *Notice of such agreement.* —If a plea agreement has been reached by the parties which contemplates entry of a plea of guilty or nolo contendere in the expectation that a specific sentence will be imposed or that other charges before the court will be dismissed, the court shall require the disclosure of the agreement in open court at the time the plea is offered.

\* \* \* \* \* \*

(e)(5) *Time of plea agreement procedure.*—Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial as may be fixed by the court.

\* \* \* \* \* \*

(g) *Record of Proceedings.*—A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

■ In order to forestall unnecessary appeals district judges in this circuit should immediately expand their Rule 11 inquiry substantially as follows:

I now inquire of the United States Attorney and of the prisoner and his counsel whether or not there have been plea negotiations. Before permitting you to respond, I advise you that the United States Supreme Court has specifically approved plea bargaining and has said it is "an essential component of the administration of justice . . . to be encouraged." You should advise me truthfully and fully of any plea negotiation without the slightest fear of incurring disapproval of the court.[6]

When and if amended Rule 11 takes effect, the language can be appropriately modified to indicate that the information sought is expressly required by Rule 11.[7]

The conviction of defendant Jose Moody is affirmed.

Affirmed.

---

6. *Compare* Walters v. Harris, 460 F.2d 988, 993 (4th Cir. 1972), *with* Paradiso v. United States, 482 F.2d 409, 413 (3d Cir. 1973), *and* Bryan v. United States, 492 F.2d 775, 781–782 (5th Cir. 1974).

7. Due to the exercise of supervisory power in the opinion, we have circulated it among all judges in regular active service and no judge has requested that the case be reheard *en banc.* It should also be noted that we recognize that many district judges in this circuit already follow the suggested practice.