SERGE VAILLANCOURT, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 7510

December 20, 1974        529 P.2d 204

*Horace R. Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Sherman H. Simmons,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Serge Vaillancourt was indicted for the unlawful sale of narcotics. He entered a not guilty plea, and the case was set down for trial. On the day of trial, Vaillancourt changed his plea to guilty, and he was sentenced to serve 8 years in the Nevada State Prison. He seeks post-conviction relief, claiming that his guilty plea was entered in response to promises from the district attorney's office that the district attorney would recommend probation. This was not done.

Vaillancourt has filed in support of his petition affidavits from both of his parents, a California attorney who had been his counsel in other matters and who had spoken in Vaillancourt's behalf when he was sentenced, and a woman friend. All four affidavits corroborate Vaillancourt's claim that he had been promised a recommendation for probation.

The judge below, in considering Vaillancourt's petition, summarily denied it without affording him an evidentiary hearing.[1] Our recent case of Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974), is controlling in the instant appeal. There, we held that where an accused enters a guilty plea upon the basis of a promise made by the State, and the promise is unequivocal, then he is entitled to withdraw his plea if the promise is unfulfilled. Where, as here, something more than a naked allegation has been asserted, it is error to resolve the apparent factual dispute without granting the accused an evidentiary hearing.[2] Accordingly, Vaillancourt is entitled to an evidentiary hearing for the determination of the truth or falsity of the allegation of a promise. If the allegation is true, then he is entitled to plead anew. Macon v. Craven, *supra* note 2.

---

[1] Apparently the judge received the transcript of the sentencing hearing, which complied with the mandates of Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), then in effect, and concluded that Vaillancourt's petition was meritless.

[2] It should be noted that a bare allegation, without more, will not in all cases require an evidentiary hearing. Cf. Moody v. United States, 497 F.2d 359 (7th Cir. 1974); Roberts v. United States, 486 F.2d 980 (5th Cir. 1973); Macon v. Craven, 457 F.2d 342 (9th Cir. 1972); Legg v. United States, 350 F.2d 945 (6th Cir. 1965); United States v. Lester, 328 F.2d 971 (2d Cir. 1964).

We therefore reverse the order below and remand the case for an evidentiary hearing to determine the truth or falsity of Vaillancourt's allegation as to a promise.