LOUIS JACKSON COLLINS, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 7977

September 17, 1975 540 P.2d 93

*Rodlin Goff,* State Public Defender, and *Michael R. Griffin,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *Sherman H. Simmons,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Louis Jackson Collins has appealed from an order of the district court denying, without an evidentiary hearing, his petition for post-conviction relief. Collins claims that he was induced to plead guilty to the crime of attempted receiving of stolen property by a promise that was not kept; that a constitutional issue was raised thereby; and that he is therefore entitled to an evidentiary hearing on the issue.[1] Collins contends that the alleged

---

[1] NRS 177.375, subsection 1, states:

"1. If the petitioner's conviction was upon a plea of guilty, all claims for post-conviction relief are waived except the claim that the plea was involuntarily entered."

promise made (that he would receive probation) induced his plea of guilty, that such inducement was not honored at sentencing, and that his plea was therefore involuntary. This contention has merit only if it may be shown that Collins reasonably believed that the prosecutor would perform in some manner other than he did perform, and that this reasonable belief induced the guilty plea. See Santobello v. New York, 404 U.S. 257, 262 (1971), where the court said:

"This phase of the process of criminal justice, and the adjudicative élement inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

In Santobello, the defendant agreed to plead guilty in return for the prosecutor's silence at the time of sentencing. Apparently through clerical error, the prosecutor failed to keep the promise and recommended a 1-year sentence. In imposing sentence, the court said it was not influenced by the prosecutorial recommendation. However, the case was reversed because the promise was not honored; influence was held not to be as crucial as the integrity of the bargained-for consideration.

In the recent case of Vaillancourt v. Warden, 90 Nev. 431, 529 P.2d 204 (1974), this court reversed upon the basis that the State had promised to recommend probation in exchange for a guilty plea, and then failed to do so. Affidavits were offered as proof of that promise, and the court said that, when "something more than a naked allegation is asserted", the trial court must grant an evidentiary hearing.

In the instant case, the bargained-for consideration was, as in Santobello, *supra,* that the prosecutor would stand silent at the time of sentencing and would not oppose a recommendation by the Department of Parole and Probation, should a recommendation for probation be forthcoming. The record shows that Collins has made two distinct and contradictory claims in connection with the alleged prosecutor's promise. In his petition for post-conviction relief, he accuses the State of breaching its agreement. In his opening brief of this appeal, Collins states only that his attorney told him that he would receive probation. The record indicates that neither of these contradictory positions is valid. At the time of entering his plea, Collins was represented by counsel, was served with a copy of the information,

and stated that his guilty plea was voluntary. The court advised him of the elements of the crime with which he was charged and the burden of proof upon the State. He was advised of the penalty and affirmatively stated that he knew what it was. He understood his right to trial by jury, compulsory process for obtaining witnesses, and his right to confront witnesses against him, as well as his right to remain silent.

When the court inquired about negotiations, it was determined that the prosecutor had agreed to stand silent at time of sentencing, and not to oppose probation. This representation as to the plea negotiations came from appellant's attorney and is in no way indicative of a promise of probation from that attorney to appellant. Collins said that he understood that this was the full extent of the plea negotiations and that sentencing was entirely in the hands of the court. From the record and from Collins's own admissions, the State did all it was bound to do by its promise. The consideration for the guilty plea was silence at the time of sentencing, as in Santobello, *supra*. Unlike Santobello, however, the State in the instant case kept its promise fully.

The contention that Collins believed that his own attorney had promised him probation is negated by that attorney's statements on the record at the time of sentencing and Collins's statements that he understood such to be the full extent of the plea negotiations. Any contention to the contrary is no more than a "naked allegation". Vaillancourt v. Warden, *supra*. Collins was thoroughly questioned concerning the voluntariness of his plea, and he stated that it was voluntary. See State v. Popejoy, 450 P.2d 411 (Ariz.App. 1969). He was fully aware of the nature of the plea negotiations with the prosecutor, and since that bargain was kept through prosecutorial silence at the time of sentencing, Collins was properly denied an evidentiary hearing on his petition for post-conviction relief in the court below. The lower court order is affirmed.