PER CURIAM.
Appellant appeals the judgment and sentence for three counts of petit larceny. He was charged by information with three counts of grand larceny. Appellant entered a plea of not guilty to the charges. Subsequently, he appeared before the court with his attorney and requested to enter pleas of guilty to the offenses of petit larceny. The court was informed that negotiations had not been made with the State.
The court then questioned the appellant but made no inquiry relating to the volun-tariness of the pleas. The pleas were thereafter accepted.
Appellant alleges that he was induced by his court-appointed attorney to enter his pleas of guilty. He contends his attorney informed him that if he pleaded guilty to the charges, the sentences imposed would run concurrently with the prison sentence to be imposed on another charge to which the appellant had previously entered a plea of guilty. If these allegations were true, such would lead to a conclusion that the pleas were involuntary. Cooley v. State, 245 So.2d 679 (Fla. 4th DCA 1971); Roberts v. United States, 486 F.2d 980 (5th Cir. 1973). The record does not refute the allegation that the pleas were entered due to coercion or promises. Cf. Scarborough v. State, 278 So.2d 657 (Fla. 2d DCA 1973); Pierce v. State, 318 So.2d 501 (Fla. 1st DCA 1975).
Before accepting a guilty plea, the trial judge must satisfy himself that the plea is voluntarily entered to insure that the plea is made of the defendant’s own free will without threats or coercion. See Williams v. State, 316 So.2d 267 (Fla.1975). If a guilty plea is induced by promises which are not kept or threats which vitiate the voluntary character of such act, the plea is void. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).
Since there is nothing in the record to refute appellant’s allegation, we relinquish jurisdiction of this cause and remand it to the trial court for a period of thirty (30) days in order that the court may make a determination of whether or not the pleas were voluntarily made. After a hearing, the trial court shall determine the truth of the appellant’s allegations — whether or not the appellant’s guilty pleas were induced by the aforesaid alleged representation of the Public Defender. If the trial court finds the appellant’s allegations to be true, appellant should be allowed to withdraw his guilty pleas and a certified copy of the court’s order should be thereafter forthwith forwarded by the clerk of the trial court to the clerk of this court. If the trial court should find otherwise, a certified copy of *499 that order should in like manner be forthwith forwarded to this court.
REMANDED with directions as aforesaid.
McCORD, C. J., and BOYER and SMITH, JJ., concur.