PER CURIAM.
Patterson seeks review of the denial of his motion for postconviction relief. Patterson raises three claims to support his motion, tVo of which have merit. We therefore reverse, in part, the denial of the motion and remand for further proceedings.
Patterson first contends that the trial court failed to honor his plea agreement. Specifically, he argues that the trial court orally agreed that his sentence would run concurrent with the prison term imposed *85 for a crime committed in Texas. Patterson further argues that the trial judge ruled that he may serve his sentence in the Texas prison where he was already incarcerated for a crime committed in that state.
The trial judge denied postconviction relief on this claim because the plea agreement does not provide that his sentence for the crime committed in Florida be served in Texas. While the plea agreement is silent on this point, the transcript of the plea hearing reveals that the trial judge ruled that, if possible, Patterson may serve his sentence for the crime committed in Florida concurrently with the crime committed in Texas. Accordingly, the order of denial for postconviction relief does not refute this allegation.
Second, Patterson claims that the sentencing order incorrectly provides for 100 days credit for time served. He contends that at the plea hearing the judge ordered that he receive 485 days credit. In denying relief on this allegation, the trial judge relied on the sentencing order which provides that Patterson was to receive a “stipulated” 100 days credit. However, the transcript of the plea hearing supports Patterson’s allegation on this point. The state in its response concedes the clerical error in the sentencing order.
Patterson’s remaining claim of ineffective assistance of counsel is facially insufficient. Therefore, the trial court properly denied relief on this allegation.
We reverse and remand the trial court’s order of denial to the extent that it denied relief on Patterson’s first and second claims and otherwise affirm. On remand, the court is directed to enter a corrected sentencing form and to re-examine the files and records to determine whether anything therein conclusively shows that Patterson is not entitled to serve his sentence concurrently with the sentence for the crime committed in Texas.
CAMPBELL, A.C.J., and THREADGILL and BLUE, JJ., concur.