HARRIS, Chief Judge.
William Glenn Schroeder, in this Anders appeal, pled no contest to a narcotics and a firearm charge with the understanding that his sentences on these offenses would run concurrent with each other and with a federal sentence that he had previously received. When the Federal Bureau of Prisons refused to accept him until he had served his state sentence (thus defeating the condition of his plea), Schroeder moved to withdraw his plea. The trial court, believing that Schroeder’s complaint was with the federal authorities, denied his motion. Schroeder appeals; we reverse.
Although the federal authorities are the cause of the breach of the plea agreement, the agreement is between the defendant and the State and approved by the trial court. It is uncontroverted that Schroeder would not have entered this plea had not he, the State and the trial judge believed that his sentences (including the federal sentence) would all run concurrent. When Schroeder was denied the opportunity to withdraw his plea after it was apparent that his “bargained for” consideration had failed, his plea became involuntary. See Patterson v. State, 611 So.2d 84 (Fla. 2d DCA 1992); Allen v. State, 616 So.2d 625 (Fla. 4th DCA 1993).
REVERSED and REMANDED for further proceedings consistent herewith.
GOSHORN and DIAMANTIS, JJ., concur.