650 So.2d 1086 (1995)
Richard HIGHTOWER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-470.
District Court of Appeal of Florida, First District.
February 21, 1995.
Richard Hightower, pro se.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Office of Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Richard Hightower appeals from the trial court's summary denial of his motion filed *1087 pursuant to Florida Rule of Criminal Procedure 3.850. On the state's concession of error, we reverse and remand.
Hightower pled guilty to robbery and was sentenced to eighteen years in prison as a habitual offender. He alleged that his attorney promised him that this sentence would run concurrent with a five-year sentence he was then serving for another offense. He is instead now serving the sentences consecutively and claims he would not have entered into the plea agreement had he known that his sentence would have been made consecutive to his prior sentence.
An allegation that trial counsel or the trial court erroneously led the defendant to believe that he or she would serve two separate sentences concurrently rather than consecutively, states a prima facie case for relief under rule 3.850. Bryant v. State, 355 So.2d 497 (Fla. 1st DCA 1978); Schroeder v. State, 641 So.2d 947 (Fla. 5th DCA 1994); Allen v. State, 616 So.2d 625 (Fla. 4th DCA 1993); Patterson v. State, 611 So.2d 84 (Fla. 2d DCA 1992); Jackson v. State, 442 So.2d 1070 (Fla. 3d DCA 1983). The trial court's attachments to its final order  consisting of excerpts from the plea hearing during which Hightower told the judge that he wished to be sentenced the same day and agreed that his lawyer had explained the guilty plea to him  do not foreclose the possibility that counsel promised Hightower that he would receive a concurrent sentence.
Issues I, V, VI and VII are without merit and are therefore affirmed, and Issue IV is not yet ripe for review.
REVERSED and REMANDED with directions to the trial court to hold an evidentiary hearing on issues II and III, or attach portions of the record which conclusively refute Hightower's claim.
JOANOS and WOLF, JJ., concur.