FULMER, Judge.
Artie K. Perkins appeals the summary denial of his motion for postconviction relief. Of the fourteen issues raised, only the claim that Perkins did not receive the full benefit of his plea bargain appears to have merit. The denial of the motion as to that single issue is reversed and remanded with directions.
On February 15, 1995, Perkins entered a plea of nolo contendere to numerous charges. He was sentenced to concurrent terms of ten years’ imprisonment as a habitual offender. Perkins claims that he was advised by his attorney that his state sentences would run concurrently with the sentences to be imposed in a pending federal action. However, the federal court advised Perkins that state court orders are not binding on the federal court and ordered that the federal sentences be served consecutively to the state sentences. Perkins states that, had he known that the state court could not bind the federal court in the manner promised, he would not have entered into the plea agreement.
At the end of the plea colloquy, defense counsel stated that “the court has previously indicated it wouldn’t have any objection if the sentence would ran concurrent with the fed *1344 eral matter.” The trial court responded that it had no objection and concluded the sentencing by stating, “Concurrent with whatever federal sentence he receives.”
The State contends that this portion of the plea colloquy merely indicates that the trial court had no objection to concurrent sentences and that the disposition of the federal sentences was not part of the plea agreement. We are not persuaded. Even though the promise of concurrent sentences was not part of the written plea agreement, the transcript reveals that the trial court accepted the condition requested by defense counsel without objection from the State. And, there is nothing in the record to put Perkins on notice that the trial court’s order would not be binding on the federal court. Therefore, Perkins’ statement that he relied upon his counsel’s representation and the trial court’s pronouncement of concurrent sentences is sufficient to support a claim of an involuntary plea and is not refuted by the record.
Since Perkins did not receive the sentence he bargained for, he must be resenteneed with directions that the sentence imposed be served concurrently with the federal sentence. Should this intent not be fulfilled by the resentencing, Perkins must be allowed to withdraw his plea. See Goodwin v. State, 477 So.2d 1089 (Fla. 4th DCA 1985).
Affirmed in part, reversed in part and remanded for further proceedings.
DANAHY, A.C.J., and ALTENBERND, J., concur.