W. SHARP, Judge.
Williams appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm because it appears his motion is time-barred, and because of the passage of time there is no practical remedy the state courts can *86 fashion. Only the federal courts can help Williams now.
The essence of Williams’ claim is that he pled guilty to trafficking in cocaine[1] in 1989 as a result of a plea bargain. He was sentenced to five years in prison, with credit for time served. He had been serving a twenty-year sentence in the federal prison for federal offenses. Williams was returned to Florida for prosecution of the trafficking offense.
Williams asserts that part of the plea bargain was that his sentence for trafficking was to be served concurrently with his federal sentence. However, when he completed serving his trafficking sentence in 1990, he was returned to the federal authorities, who then disclosed to him that he was not going to be given credit on his federal sentence for the time served in the Florida prison.
Williams claims his attorney assured him, after he had been sent to the Florida prison rather than the federal prison, that she would seek clarification and file a motion to withdraw his plea. Whether she did or not is unclear. The trial court held a hearing on Williams’ sentence eight months after it was originally imposed. The sentence was amended to state he was to serve the Florida sentence concurrent with whatever sentence he was then serving; ie., the federal sentence.
Nevertheless, Williams was returned to the state prison. He took no further action concerning the concurrency vel non of his sentences. In 1990, he filed a motion to clarify his sentence, which indicates he had been remanded to federal custody and that Florida Department of Corrections refused to say whether the state sentence was concurrent with the federal sentence.
We agree with the trial court that this 3.850 motion was untimely. It was filed almost seven years after the judgment and sentence became final and at least five years after Williams became aware that he was not receiving credit for the Florida sentence on his federal sentence.
Further, the state sentence has been served in full and Williams is no longer in state custody. It appears his federal sentence was in no way enhanced as a result of the Florida conviction. Thus, Williams is not in custody as required by rule 3.850 and the state can give him no relief.
A defendant who alleges in a timely post-conviction motion that his plea was involuntary, because he was promised that his sentence would be concurrent with a sentence in another case, and who states that he would not have entered the plea had he not been promised a concurrent sentence, has stated a prima facie ground for relief and is entitled to a hearing. See Hightower v. State, 650 So.2d 1086 (Fla. 1st DCA 1995); Perkins v. State, 696 So.2d 1343 (Fla. 2d DCA 1997); Schroeder v. State, 641 So.2d 947 (Fla. 5th DCA 1994). Had Williams filed a timely motion to withdraw his plea in this case, he would have been entitled to a hearing. [2]
However, having served his Florida sentence, it is too late for Williams to seek to withdraw a guilty plea based on the timing of the serving of that sentence and a federal sentence. The state prison time has been served and it has been served in the state prison system. Those facts cannot be undone. At this point, the state courts have no power or mechanism to force the federal authorities to give a defendant credit for the time served in the state prison. His remedy lies solely with the federal courts.
AFFIRMED.
GRIFFIN, C.J., and HARRIS, J„ concur.

. § 893.135(l)(b)l„ Fla. Stat

. Taylor v. State, 710 So.2d 636 (Fla. 3d DCA 1998).