WHATLEY, Judge.
Marvin Rowland appeals the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Rowland alleged that he was entitled to enforcement of his plea agreement to serve his ten-year state sentences in federal prison, concurrent with his longer federal sentence. In the alternative, Rowland claimed he was entitled to withdraw his guilty plea because he would not have pleaded under any other terms, thereby rendering his plea involuntary. Rowland also alleged both that counsel advised him that he would serve his state sentences and federal sentence in federal custody and that the trial court ordered his state *1071 sentences to run concurrent with his federal sentence.
The trial court denied Rowland’s motion because it found that the signed plea agreement made no mention of federal charges or that he would serve his Florida sentences in federal custody. The trial court, however, faded to include a copy of the plea agreement or any other record attachments to support its findings.
Rowland has raised a facially sufficient claim for postconviction relief. See Glenn v. State, 776 So.2d 330, 331 (Fla. 4th DCA 2001) (holding “[w]here a condition of a guilty plea is that the defendant will serve the agreed-upon state sentence in federal prison concurrently with a longer federal sentence, the defendant is entitled to post-conviction relief if the terms of the agreement are not met”). We therefore reverse and remand this matter to the trial court for attachment of those portions of the record which conclusively refute Rowland’s claims or for an evidentiary hearing. We caution the trial court that the mere attachment of a plea agreement that does not contain provisions as to these issues may not conclusively refute Rowland’s allegations. See Perkins v. State, 696 So.2d 1343 (Fla. 2d DCA 1997) (finding written plea agreement alone, with no promises of concurrent sentences, did not conclusively refute defendant’s claim that plea was involuntary when transcript showed trial court agreed to run state sentences concurrent with federal sentences).
Reversed and remanded.
BLUE, A.C.J., and GREEN, J., Concur.