PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion for postcon-viction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. The appellant claims that he entered a plea agreement wherein his state sentence was to run concurrently with his longer federal sentence. The appellant’s motion complains that the plea agreement has been violated because he is serving his state sentence in a state prison, and not in a federal prison. ■ The trial court has attached a copy of the appellant’s plea agreement, which only indicates the trial court’s intention that the appellant’s state sentence be concurrent with the federal sentence, but does not specify that the appellant was to be housed in a federal prison during the service of his concurrent state sentence. See Glenn v. State, 776 So.2d 330 (Fla. 4th DCA 2001); Taylor v. State, 710 So.2d 636 (Fla. 3d DCA 1998). Because the appellant is not alleging the potential loss of the benefits of concurrent sentences, but merely complains that he is not being housed in the federal penitentiary, we affirm the trial court’s summary denial. See Hightower v. State, 650 So.2d 1086 (Fla. 1st DCA 1995); Williams v. State, 710 So.2d 85 (Fla. 5th DCA 1998);
AFFIRMED.
ERVIN, WOLF and PADOVANO, JJ., concur.